THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Anderson
 County, South Carolina, Respondent,
 
 
 

v.

 
 
 
 Lakeside
 Lighthouse, Inc., Donald A. Slater, Denise A. Slater, and R. Jack Lingefelt, Appellants.
 
 
 

Appeal From Anderson County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No.  2012-UP-118 
 Submitted February 1, 2012  Filed
February 29, 2012

AFFIRMED

 
 
 
 James S. Eakes and Charles W. Whiten, Jr.,
 both of Anderson, for Appellants.
 Charles F. Turner, Jr. and Sarah Day
 Hurley, both of Greenville, for Respondent.
 
 
 

PER CURIAM:  Lakeside Lighthouse, Inc., Donald A. Slater, Denise A. Slater, and
 R. Jack Lingefelt (collectively, Appellants) appeal the circuit court's grant
 of partial summary judgment to Anderson County on the issue of the validity of
 Anderson County Ordinance No. 2000-028.  Appellants argue (1) genuine issues of
 material fact exist and (2) the circuit court erred in determining the
 ordinance to be legally valid.  We affirm.[1]
1. The
 circuit court did not err in determining that no genuine issues of material
 fact exist.  Appellants have
 failed to demonstrate any facts that are in dispute.  The parties agree on the
 facts surrounding the adoption of the zoning ordinance.  Their disagreement
 pertains to the ordinance's legality, not to the events leading to its
 enactment.  Accordingly, the circuit court did not err in finding there to be
 no factual dispute.  See Rule 56(c), SCRCP ("[Summary] judgment . . .
 shall be rendered forthwith if the pleadings, depositions, answers to
 interrogatories, and admissions on file, together with the affidavits, if any,
 show that there is no genuine issue as to any material fact and that the moving
 party is entitled to a judgment as a matter of law.").
2. Because Appellants
 failed to challenge the validity of the zoning ordinance within sixty days of
 its enactment and because Anderson County
 substantially complied with its own procedures for ordinance adoption, we
 affirm the circuit court's decision upholding the ordinance's legality.  See S.C. Code Ann. § 6-29-760(D) (2004) ("No
 challenge to the adequacy of notice or challenge to the validity of a
 regulation or map, or amendment to it, whether enacted before or after the
 effective date of this section, may be made sixty days after the
 decision of the governing body if there has been substantial compliance with
 the notice requirements of this section or with established procedures of the
 governing authority or the planning commission." (emphasis added)).
AFFIRMED.
PIEPER,
 KONDUROS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.